**A. F. FUNKHOUSER et ux., Appellants,**

**v.**

**HURRICANE FENCE COMPANY et al., Appellees.**

**No. 16494.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 5, 1975.

Rehearing Denied July 10, 1975.

Payne, Benefield & Eaton, James B. Eaton, Houston, for appellants.

Foster, Wohlt, Lueders & Hope, T. Kent Cochran, David E. Lueders, Houston, for appellees.

COLEMAN, Chief Justice.

This is a suit for property damage sustained as the result of an automobile collision. The trial court sustained a plea of res adjudicata and subsequently entered a judgment that the plaintiffs take nothing. The judgment is reversed.

On September 8, 1969 an intersectional accident took place between cars driven by Richard F. Barnard and Beatrice Dennis. It was alleged that at the time of the accident Richard F. Barnard was acting within the course and scope of his employment for Hurricane Fence Company and that Beatrice Dennis was acting within the course and scope of her employment for Jerry C. Goodwin. After the cars collided the vehicle driven by Beatrice Dennis ran into an attached garage at the home of the plaintiff, A. F. Funkhouser, causing damage to the garage and, it is alleged, to an automobile parked therein and other personal property.

As a result of the collision a lawsuit styled "Beatrice Dennis v. Richard F. Barnard" was filed on October 30, 1970 in the 164th Judicial District Court of Harris County, Texas, and given Cause No. 851637. In this suit the plaintiff, Beatrice Dennis, sought to recover for personal injuries she suffered in the accident.

On December 17, 1970, under Cause No. 856221, a suit styled "A. F. Funkhouser vs. Richard F. Barnard and Beatrice Dennis" was filed in the 133rd Judicial District Court of Harris County, Texas. In this suit, A. F. Funkhouser sought to recover for property damage to his garage from the defendants, Richard F. Barnard and Beatrice Dennis. These suits were consolidated under Cause No. 851637 in the 164th Judicial District Court of Harris County.

On August 24, 1971, the case at bar was filed in the 189th Judicial District Court of Harris County, Texas. No motion was filed seeking to have this case consolidated with the two prior suits. On March 13, 1973, the consolidated cases under Cause No. 851637 were tried and resulted in a judgment for Beatrice Dennis against Richard F. Barnard and for A. F. Funkhouser against Richard F. Barnard. Long prior to the disposition of Cause No. 851637, the defendants in this case filed an answer consisting of a general denial. In this cause, No. 882306, the plaintiffs sought compensation for the damage to their garage, house and contents, including the automobile parked in the garage, and personal injuries sustained by the plaintiff, Jo. Funkhouser.

After judgment was entered in the consolidated suit, on April 19, 1973 the defendant, Hurricane Fence Company, filed an instrument denominated "Plea of Res Judicata" setting up the judgment in the consolidated suit in bar of this suit. In the consolidated suit plaintiff, A. F. Funkhouser, sought compensation for the damage to his garage only, and the judgment awarded only this damage.

On January 29, 1974, the trial court entered a judgment sustaining the plea of res adjudicata insofar as the plaintiffs asserted claims for damage to real and personal property, but not insofar as their suit was based on a claim for damage for personal injuries. On August 20, 1974, the plaintiffs filed their first amended petition whereby they restricted the damages sought to the damage suffered by their automobile, landscaping, contents of garage, damage to the house, and damage to personal property located in the house, as well as the damage suffered by reason of personal injuries. On December 2, 1974, plaintiffs filed a second amended petition in which they omitted the claim for damage by reason of personal injuries. The case was then called for trial and the defendants submitted a motion for directed verdict, prior to the jury selection and presentation of evidence, based on the prior interlocutory judgment striking all property damage from the suit. This motion was granted and the court entered judgment that the plaintiffs take nothing by their suit.

The defendant, appellee in this appeal, relies on the principles of res adjudicata set out in Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.1971). There the court said that an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its

jurisdiction is conclusive of the rights of the parties and all other actions on the points at issue and adjudicated in the first suit. It also stated:

"... the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried."

See also, Griffin v. Holiday Inns of America, 496 S.W.2d 535 (Tex.1973).

There is an exception to the usual rule of res judicata which is widely recognized. The Restatement of Judgments, Sec. 62, p. 242, reads:

"Where a judgment is rendered, whether in favor of the plaintiff or of the defendant, which precludes the plaintiff from thereafter maintaining an action upon the original cause of action, he cannot maintain an action upon any part of the original cause of action, although that part of the cause of action was not litigated in the original action, except

"(a) ...

"(b) ...

"(c) where the defendant consented to the splitting of the plaintiff's cause of action."

In its Comment on clause (c) the Restatement states:

"Where the plaintiff brings separate actions based upon different items included in his claim, and in none of the actions does the defendant make the objection that another action is pending based upon the same claim, a judgment for the plaintiff in one of the actions does not preclude him from obtaining judgment in the other actions. In such a case the failure of the defendant to object to the splitting of the plaintiff's claim is effective as a consent to the splitting of the claim."

That this exception is generally recognized is illustrated in the general statement found in an annotation, "Splitting Causes—Waiving Objection", 40 A.L.R.3rd 108, where it is stated:

"... It is generally recognized that an objection to an alleged 'splitting' is untimely where two or more suits upon an alleged single demand are instituted against the defendant, and the defendant allows one of the suits to go to judgment before raising the objection against the alleged 'splitting' in the remaining suit still pending, the objection usually being in the form of an amended pleading which pleads the judgment as a bar to the pending suits. ..."

The cases found in this annotation of particular interest are: Cassidy v. Berkovitz, 169 Ky. 785, 185 S.W. 129 (1916); Shaw v. Chell, 176 Ohio St. 375, 199 N.E.2d 869 (1964).

No Texas cases have been found which have decided the question presented here. In Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959), the Supreme Court said:

"The rule against splitting causes of action, which is simply a branch of the broader doctrine of res adjudicata, is not directly involved in this appeal. We note, however, that it is for the benefit of and may be waived by the defendant, and does not in any way limit the power of a court to hear and determine several suits instituted by a plaintiff for the recovery of different parts of a single cause of action. (citations omitted). Whether a judgment in one severed phase of the present case would make a plea of res adjudicata available with respect to the other action is not considered or decided here."

This case falls clearly into the exception to the rule as set out in Restatement of Judgments above cited. It is clear from the pleadings in the consolidated suit that the only claim presented by the plaintiff Funkhouser was for the damage to his garage. He was not compensated by the judgment in that suit for the damage to the other

items of personal property. The suit had been pending for more than a year seeking recovery for these items. By failing to file in either action a plea of another cause pending, or to move for consolidation, or in any manner to bring to the attention of the trial court and the plaintiff the fact that the defendant objected to the splitting of the cause of action, the defendant has consented to the splitting of the cause of action. New Orleans v. Gaines, Admr., 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102 (1891); James v. Emmco Ins. Co., 71 Ga.App. 196, 30 S.E.2d 361 (1944).

Reversed and remanded.