IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60042
Conference Calendar
_____

DONALD MALLARD,

Plaintiff-Appellant,

versus

ANN L. LEE, BENNIE PRICE
and EDDIE M. LUCAS, Commissioner,
Mississippi Department of
Corrections,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CV-183-B-D
- - - - - - - - - -
March 21, 1995

Before GARWOOD, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Donald Mallard, an inmate of the Mississippi Department of
Corrections, appeals the district court's dismissal of his pro se
and in forma pauperis (IFP) civil rights complaint as res
judicata. In the complaint, Mallard alleged that prison
officials violated his constitutional rights by changing his
housing assignment and refusing to readmit him to a prison

---

[*] Local Rule 47.5 provides: "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession." Pursuant to that Rule, the Court has determined
that this opinion should not be published.

educational program.  Mallard acknowledges that he filed two previous state court actions asserting the same factual matter as alleged in the instant complaint, and that in both actions he sought only the return to his former housing assignment and to the prison educational program.

A complaint filed IFP can be dismissed by the district court sua sponte if the complaint is frivolous.  28 U.S.C. § 1915(d). A complaint is "`frivolous where it lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 112 S. Ct. 1728, 1733, (1992)(quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  We review a § 1915(d) dismissal for abuse of discretion.  Denton, 112 S. Ct. at 1734.

> For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases.

Nilsen v. City of Moss Point, 701 F.2d 556, 559 (5th Cir. 1983) (en banc).  Res judicata bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated.  Id. at 560.  One who has a choice of more than one remedy for a given wrong may not assert them serially, in successive actions, but must advance all at once on pain of bar. Id.

In the present case, the parties are identical in both lawsuits, and the prior judgment, which was on the merits, was

rendered by a court of competent jurisdiction. The state court judgment is given the same res judicata effect in federal court that it would have under Mississippi law. See Hogue v. Royse City, Tex., 939 F.2d 1249, 1252 (5th Cir. 1991). The res judicata rules under Mississippi law are the same as those followed by this court. See Riley v. Moreland, 537 So.2d 1348, 1353 (Miss. 1989).

Regarding the requirement that the two actions involve the same cause of action, this court has adopted a transactional test wherein the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. Agrilectric Power Partners, Ltd. v. General Elec. Co., 20 F.3d 663, 664 (5th Cir. 1994). Thus, the fact that Mallard sought monetary relief in the instant § 1983 action and did not in the state action does not bar application of the doctrine of res judicata. See Nilsen, 701 F.2d at 559. The judgment of the district court is AFFIRMED.