IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 97-31099
_____

VOYD B BURGER
          Plaintiff - Appellant

     v.

AMERICAN MARITIME OFFICERS UNION, also known as AMO; ET AL
          Defendants

AVONDALE SHIPYARD, INC.
          Defendant - Appellee

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                    Case No. 97-31100

VOYD B BURGER
          Plaintiff - Appellant

     v.

AMERICAN MARITIME OFFICERS UNION, also known as AMO; ET AL
          Defendants

AMERICAN MARITIME OFFICERS UNION, also known as AMO
          Defendant - Appellee

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                    Case No. 97-31158

VOYD B BURGER
          Plaintiff - Appellant

     v.

AMERICAN MARITIME OFFICERS UNION, also known as AMO; ET AL
          Defendants

BAY SHIP MANAGEMENT INC
          Defendants - Appellee

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 97-31291

VOYD B BURGER
        Plaintiff - Appellee

    v.

AMERICAN MARITIME OFFICERS UNION; ET AL
        Defendants

AMERICAN MARITIME OFFICERS UNION, also known as AMO; MICHAEL R
MCKAY, President of American Maritime Officers Union; DANIEL L
SMITH; THOMAS E KELLY; ROBERT W MCKAY, Secretary-Treasurer of
American Maritime Officers Union; JAMES D WILLARD
        Defendants - Appellants

- - - - - - - - - - - - - - - -

Appeals from the United States District Court for the
Eastern District of Louisiana, New Orleans
(97-CV-2085-T)
- - - - - - - - - - - - - - - -

January 27, 1999

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Voyd Burger appeals the district court order dismissing his complaint on comity grounds under the first-to-file rule. American Maritime Officers Union also appeals, arguing that the district court applied the incorrect standard in denying its motion for sanctions under Federal Rule of Civil Procedure 11. We affirm in part and reverse in part.

I. FACTS AND PROCEDURAL HISTORY

Voyd Burger, a Florida resident, filed suit in July 1997 in the Eastern District of Louisiana against American Maritime

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

Officers Union (AMO), Avondale Shipyard, Inc. (Avondale), and Bay Ship Management, Inc. (BSM), alleging violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), the Age Discrimination in Employment Act (ADEA), and other federal laws.

Burger had filed a nearly identical complaint in the Northern District of Florida on February 20, 1996. In that suit, brought against AMO, Avondale, BSM, and other parties, Burger alleged violations of various state and federal statutes, including RICO and ADEA. On July 31, 1996, the Florida district court dismissed the claims against BSM and Avondale for lack of personal jurisdiction, and granted summary judgment to AMO on Burger's ADEA claim. On April 24, 1997, the Florida district court dismissed all other claims against AMO under Federal Rule of Civil Procedure 41(b). On May 29, 1997, Burger appealed these dismissals to the Court of Appeals for the Eleventh Circuit. On August 20, 1998, the Eleventh Circuit affirmed, determining that the Florida district court lacked personal jurisdiction over the claims against BSM and Avondale, and that the district court did not err in granting summary judgment to AMO on the ADEA claim and in dismissing the rest of the claims against AMO pursuant to Rule 41(b).

In late September and early October 1997, the Louisiana district court dismissed with prejudice all claims against AMO, Avondale, and BSM. The court found that the complaints filed in the Florida and the Louisiana litigation were almost identical, and that Burger had filed in Florida before filing in Louisiana. The

district court, citing the principles of comity and sound judicial administration, followed the first-to-file rule and dismissed the claims to avoid duplicative litigation in two federal courts.[1] The district court judge also denied AMO's motion to impose Rule 11 sanctions on Burger. Burger timely appealed the district court's dismissal of his claims, and AMO timely appealed the district court's denial of Rule 11 sanctions.

## II.  DISCUSSION

### A.  The First-To-File Rule

Under the first-to-file rule, a district court may dismiss, stay, or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another federal court. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985). The rule is grounded in principles of comity and sound judicial administration. See Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997); West Gulf Maritime Ass'n, 751 F.2d at 729. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Ass'n, 751 F.2d at 729. Although this circuit has thus far only applied the first-to-file rule when similar actions are

---

[1] Obviously, the district court did not know that the Eleventh Circuit would later affirm the Florida district court's decision. In determining whether the district court abused its discretion in applying the first-to-file rule, we must look to the facts known to the district court at the time of its order. See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1160 (5th Cir. 1992).

4

pending in two federal district courts and where similar actions are pending in the same federal district, see Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 n.28 (5th Cir. 1992), the same policy concerns for avoiding duplicative litigation and comity exist when a similar matter is pending in a federal district court and a federal court of appeals in a different circuit. See National Family Planning & Reprod. Health Ass'n v. Sullivan, No. 92-2177, 1992 WL 345629, at *2-*3 (D.D.C. Oct. 5, 1992) (declining to exercise jurisdiction when duplicative litigation was ongoing in federal court of appeals); cf. Dillard, 961 F.2d at 1161 n.28 (noting that the first-to-file rule applies in contexts where stay or dismissal of case substantially similar to litigation in another court would avoid duplicative litigation). We review a district court's decision to decline jurisdiction over a case before it based on the first-to-file rule for abuse of discretion. See Sutter Corp. v. P & P Indus., Inc. 125 F.3d 914, 920 (5th Cir. 1997); Dillard, 961 F.2d at 1160-61.

The district court in this case did not abuse its discretion in applying the first-to-file rule. The litigation in the district court and the litigation in the Florida district court were nearly identical--both concerned AMO, BSM, and Avondale, and both raised substantially similar claims. Burger does not dispute that the Florida litigation was commenced first or that the two cases raise substantially the same issues. Under these circumstances, the district court's application of the first-to-file rule to avoid duplicative litigation was not an abuse of discretion. See Save

5

<u>Power Ltd.</u>, 121 F.3d at 950-51 (applying the first-to-file rule to simultaneous litigation involving issues with "substantial overlap"); <u>Mann Mfg., Inc. v. Hortex, Inc.</u>, 439 F.2d 403, 408 n.6 (5th Cir. 1971) ("[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues.").

It was therefore within the district court's broad discretion to decline jurisdiction over Burger's claims, and to defer to the first-filed court in order to avoid unnecessary litigation and the risk of an inconsistent result. However, we find that the district court abused its discretion in dismissing the claims against BSM and Avondale with prejudice rather than staying the proceedings or dismissing the claims without prejudice. The Florida district court dismissed the claims against BSM and Avondale for lack of personal jurisdiction, and did not consider the merits of Burger's claims against them. When the jurisdiction of the first-filed court to hear the dispute is uncertain, it is an abuse of discretion to dismiss the claims in the second-filed court with prejudice, as it creates the risk that the merits of the claims could never be addressed. See <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 628-29 (9th Cir. 1991) (determining that district court did not abuse its discretion in applying the first-to-file rule, but reversing the district court's dismissal of the claims in the second-filed court in favor of a stay); <u>Asset Allocation & Mgt. Co. v. Western Employers Ins. Co.</u>, 892 F.2d 566,

6

571 (7th Cir. 1990) (vacating order mandating dismissal of second-filed claim with prejudice in favor of a stay); 17 Linda S. Mullinex & Georgene M. Vairo, Moore's Federal Practice ¶ 111.13[1][o] (3d ed. 1998) ("If the first-filed action is vulnerable to dismissal on jurisdictional or statute of limitations grounds, the court in the second-filed action should stay it or transfer it, rather than outright dismiss it."); see also Dillard, 961 F.2d at 1161 (stating that while district court did not abuse its discretion in applying the first-to-file rule, district court did abuse its discretion in dismissing second-filed claim with prejudice, where first-filed case would have no res judicata or collateral estoppel effect on the second-filed case).

The district court should have either granted a stay or dismissed the claims against BSM and Avondale without prejudice. In that way, if the Eleventh Circuit had reversed the Florida district court's jurisdiction ruling, the district court could have dismissed with prejudice, and, if, as actually happened, the Eleventh Circuit affirmed the jurisdiction ruling, the district court could have lifted the stay or entertained a new action brought by Burger and proceed to evaluate the claims on the merits, assuming it could exercise personal jurisdiction over the parties. The district court did not abuse its discretion in dismissing the claims against AMO with prejudice, however, as there was no question that the Florida district court had personal jurisdiction over AMO. There was therefore no risk that the district court's dismissal could preclude any court from hearing Burger's claims

7

against AMO.

## B. Rule 11 Sanctions

The district court denied AMO's motion to impose Rule 11 sanctions against Burger, relying on the fact that Burger had proceeded pro se. AMO appeals, contending that the district court improperly considered Burger's pro se status in deciding whether to impose Rule 11 sanctions. We review a district court's decision not to impose Rule 11 sanctions for an abuse of discretion. See Houge v. Royse City, 939 F.2d 1249, 1256 (5th Cir. 1991). A district court necessarily abuses its discretion if it bases its Rule 11 ruling on an erroneous view of the law. See Elliott v. Tilton, 64 F.3d 213, 215 (5th Cir. 1995).

In Thomas v. Capital Sec. Servs. Inc., 836 F.2d 866, 875 (5th Cir. 1988), this court, sitting en banc, listed several factors that a district court could take into account in determining whether a litigant has complied with Rule 11. Among those factors is "the pro se status of a litigant." Id.; see Smith v. Our Lady of the Lake Hosp. Inc., 960 F.2d 439, 444 (5th Cir. 1992) (stating that a district court can properly consider the pro se status of litigant). In addition, the Advisory Committee Notes to the 1983 Amendments to Rule 11 state that "[a]lthough the [Rule 11] standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations." Fed. R. Civ. P. 11 advisory committee notes (citing Haines v. Kerner, 404 U.S. 519 (1972)). We therefore find that the

8

district court did not abuse its discretion in considering Burger's pro se status and in declining to impose Rule 11 sanctions.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of the claims against AMO, REVERSE the dismissal of claims against BSM and Avondale, AFFIRM the district court's denial of AMO's motion for Rule 11 sanctions against Burger, and REMAND for further proceedings consistent with this opinion.  We DENY AS MOOT AMO's motion to file record excerpts in excess of the page limitation.