**Arthur J. BROWN, Plaintiff–Appellee,**

v.

**J. A. MILLER, Jr., etc., and Mississippi Telephone Corporation, etc., Defendants–Appellants.**

**No. 79–2444.**

United States Court of Appeals, Fifth Circuit. Unit A

Nov. 26, 1980.

James H. Lackey, Mobile, Ala., for defendants–appellants.

Wilson & Wilkes, Wm. Roberts Wilson, Jr., Gary L. Roberts, Pascagoula, Miss., for plaintiff–appellee.

Before THORNBERRY, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendants, the mayor of a municipality and a corporation substantially owned by him, appeal from adverse judgment awarding the plaintiff, a police chief, damages of $54,000, for the taking of his property (his salary checks) without due process. The basis of the cause of action is that the mayor, acting under color of state law, thereby deprived the plaintiff of his constitutional rights. 42 U.S.C. § 1983. The district court had directed a verdict in favor of the plaintiff as to liability, and submitted the issue of damages to the jury. On appeal, the defendant mayor urges three errors: (1) that the plaintiff failed to show that the defendant mayor was acting under color of state law, rather than merely acting pursuant to his private interests in collecting a debt owed by the plaintiff chief to the mayor's telephone company[1]; (2) that the trial court erred in admitting into evidence before the jury an exhibit offered by the plaintiff, an extremely harmful error insofar as the award of punitive damages, because of the district court's failure to excise from the physical exhibit certain clearly extraneous prejudicial materials; and (3) that the jury award of $50,000 punitive damages is excessive.[2]

We affirm the district court's judgment as to liability, but, finding that prejudicial error occurred in the admission of the exhibit, we reverse the award of damages and remand for a new trial on that issue.

*Context Facts*

In January, 1977, the plaintiff Brown was hired by the Board of Aldermen as Chief of Police of Leakesville, Mississippi. At the time, the defendant Miller was Mayor of the town and a ninety–eight percent shareholder in the defendant telephone company. Brown owed that company $454 on a previously existing account. In February, 1977, Miller agreed to give Brown a telephone

1. On appeal, no complaint is made of the district court ruling that the telephone company, which was 98% owned by the mayor and which received the benefit of the acts done by the mayor on its behalf, was jointly and severally liable with the mayor, if indeed his acts were under color of state law so as to justify a § 1983 award.

2. On appeal, the defendant does not complain of the award of $4,000 actual damages, if any § 1983 award is proper.

(needed for his duties as police chief), if Brown would pay the company $100 immediately and then $50 every two weeks thereafter until the prior bill was paid. Brown paid the $100, but he made no further payments (until April 1st and April 19th in the amount of $50 on each date). On March 15, 1977, Miller removed from the offices of the town hall Brown's check for his regular salary as police chief for the first half of the month of March. Miller took the check (in the amount of $302.22) to his telephone company office and left an envelope containing $202.22 in cash with the town clerk to give to Brown. Miller then forged, or had an employee in his office forge, Brown's name on the check and deposited it in the bank account of the defendant telephone company.

On four separate occasions thereafter, Miller removed Brown's checks from the town warrant book and kept them at his telephone company office. The total value of the checks held by Miller was $1,200, while the total amount of the bill that remained outstanding as of the last four checks withheld was $154. Miller told Brown that if he wanted the checks he could go to the telephone company's office and Miller's wife would give him his change. The plaintiff did not receive any of the checks until July, 1977, after suit was filed. Miller admitted that he gained access to the pay check because of his position as the mayor of the town. (As such, he was required to sign paychecks for all town employees). He further stated that he would not have had such access had he not been mayor.

The district court directed a verdict in favor of the plaintiff on the issue of § 1983 liability. The jury returned a damage award in the amount of $4,000 for actual damages and $50,000 for punitive damages.

The district court entered a judgment in accordance with this award.

*Issues*

As framed by the defendants appellants in their complaints of error, the issues of this appeal concern: I. Whether the defendant Miller's acts were "under color of state law" so as to justify § 1983 recovery as a violation of the plaintiff's constitutional right not to have his property taken without due process of law; II. Alternatively, that in any event the award of punitive damages should be set aside, (a) because it is excessive and (b) because of the prejudicial and improper admission of exhibit P–6, which "was grossly prejudicial to the Defendant and greatly affected the jury when they were considering the issue of punitive damages." Appellant's brief, p. 30.

### I. *Under Color of State Law?*

■ In order to be entitled to relief under § 1983, the plaintiff must show (a) that the defendant deprived him of a right secured to him by the Constitution or federal law and (b) that the deprivation occurred under color of state law.[3] *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); see also *Sims v. Jefferson Downs, Inc.,* 611 F.2d 609 (5th Cir. 1980).

On this appeal, the defendants do not argue that the plaintiff Brown was not deprived, by the defendant mayor's action, of his paychecks (property) without due process of law. Rather they do contend that the evidence fails to establish the second element of a § 1983 action, namely that the mayor was acting "under color of

---

**3.** The text of § 1983 appears as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

state law" in depriving the plaintiff of his constitutional rights.

At trial, the following undisputed evidence was presented by the parties: The plaintiff was an employee of the town of Leakesville, the defendant was then mayor, and as mayor had the duty and the authority to sign the town paychecks. The mayor took and kept the checks of the plaintiff: The mayor had access to the town paycheck book solely because he held the office of mayor.

Based upon this evidence, the trial court directed a verdict in favor of the plaintiff Brown on the issue of liability under § 1983. We find no error in that regard.

 Action taken "under color of" state law is not limited only to that action taken by state officials pursuant to state law. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961); *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). Rather, it includes: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape, supra*, 365 U.S. at 184, 81 S.Ct. at 482; *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). Based upon these interpretations, the evidence establishes that the defendant mayor acted under color of state law: The defendant had the power to take the complained of action by virtue of his authority as mayor, and he took such action while clothed with that authority. Thus, in the light of these

holdings, the circumstance that the mayor was not legally empowered to withhold checks of employees does not deprive his act of doing so as being under color of state law when the act was accomplished by misuse of "power possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *Monroe v. Pape*, quoted above.

For similar reasons, it is not significant for purposes of defeating a § 1983 action that the misuse of power under color of state law was motivated solely for purely personal reasons of pecuniary gain.[4] The defendant attempts to place some reliance upon the statement in *Screws v. United States, supra* 325 U.S. at 111, 65 S.Ct. at 1040, that "the acts of officers in the ambit of their personal pursuits" are excluded from being acts under color of state law; but the Court continues that "[i]f, as suggested, the statute was designed to embrace only action which the State in fact authorized, the words 'under color of state law' were hardly apt words to express the idea." As clarified by the holding in *Monroe v. Pape*, the concept expressed is that the act of one who is a state officer, not taken by virtue of or clothed with his state authority, will not be considered as done under color of state law simply because the individual, although pursuing private aims, happens to be a state officer.[5]

## II. *Punitive Damages*

The defendants also complain of the award of $50,000 punitive damages, both as

---

4. The defendant withheld the plaintiff's paychecks for purely personal reasons (to collect a personal debt owed to his telephone company by the plaintiff). The defendant emphasizes that he was motivated by purely personal pursuits in taking action against the plaintiff and relies upon *Simmons v. Whitaker*, 252 F.2d 224 (5th Cir. 1958) as controlling on this basis. We find *Simmons* unpersuasive because, aside from possible factual distinctions, it was decided prior to the case of *Monroe v. Pape, supra*; to the extent that *Simmons* bases its holding on the sheriff's lack of authority to collect a debt due to the hospital, it is overruled by *Monroe*.

5. *Monroe v. Pape, supra* in text, reiterated as applicable the test of misuse of power pos-

sessed by virtue of state law, made possible because clothed with state authority. In its discussion of *Screws*, the court did not advert to the language now relied upon by the defendants, but instead relied upon the *Screws* holding that "under color of state law" was not limited to action taken by officials *in accordance with* state law. 365 U.S. at 184–186, 81 S.Ct. at 482–83.

We find to be unpersuasive the decision to the contrary in *Rogers v. Fuller*, 410 F.Supp. 187 (M.D.N.C.1976), a district court opinion that our research indicates has neither received appellate consideration nor been subsequently cited.

(a) being grossly excessive, even if authorized, and (b) being induced by the admission of an extremely prejudicial and irrelevant documentary exhibit entered by the plaintiffs, P–6 (the minutes of the town board's meeting of June 7, 1977). While the allowance of punitive damages appears to be warranted, the amount awarded raises a substantial issue of excessiveness, even under the restricted appellate review thereof. However, we need not reach the issue of the allowance and the amount of punitive damages; partly because of the size of the award of punitive damages, we find prejudicial error occurred in the admission of exhibit P–6.

The minutes of the meeting of June 7, 1977, were offered as a public record for the purpose of proving the intent of the mayor. R.vol.3, p. 78. The district court admitted them, because it saw nothing prejudicial in the one paragraph relative to the issue here [6] and because the public record showed that the plaintiff had sought relief before the town board, which was possibly relevant to an issue in the case.

The minutes showed that the defendant mayor was not present at the meeting. Partly for this reason, and also because of the lack of relevance, the defendants objected to the admissibility of the exhibit. *The defendants also objected because the minutes "mentions other activities of the Mayor."* The district court then drew a circle around the paragraph involved in this lawsuit, but it permitted the entire two–page exhibit to go to the jury, including the very next succeeding paragraph.[7]

■ The next succeeding paragraph, which physically went before the jury and immediately followed the paragraph actually introduced into evidence, concerned charges of an alleged illegal act by the mayor entirely independent of the subject matter of this lawsuit, and it included the town board's recommendation to the district attorney that he should take before the grand jury the mayor's conduct, regarded as improper by the board. See footnote 7. Such evidence was obviously irrelevant to the present action; in addition its admissibility is forbidden by Fed.R.Evid. Rule 404(b) as evidence of other crimes or wrongful acts. If considered by the jury, its improper admission could be greatly prejudicial to the defendant mayor as contributing to a finding of his willful unlawfulness in the present instance so as to justify the award of punitive damages.

Because of this great prejudice occasionable by the physical availability of this evidence to the jury, we are unable to say that, in this instance, harmless error, if any, occurred when the district court permitted the entire minutes entry to go to the jury, although attempting to direct their attention only to the portion claimed as relevant by circling in red that paragraph. Nor do we need to determine at this point whether the circled paragraph itself was admissible, although it is doubtfully relevant or materi-

**6.** The following is the text of that portion of the two pages of the minutes entered into evidence which the plaintiff specifically referred to and which the court had circled to facilitate the jury's viewing:

Next came on for consideration the question of checks of employees Arthur J. Brown and Glen Martin. The Board was informed by its attorney that pursuant to their request he had written the Attorney General's office asking for an opinion and it appeared that the Board could ask for a writ of mandamus to see that these employees were paid, in view of the fact that the Board had already requested of the Mayor that they be paid. The Board then asked Arthur J. Brown, police chief, and Glen Martin whether or not they wished this action to be taken by the Board as it was ready to act. Both Mr. Brown and Mr. Martin requested that they be allowed to check with their attorneys before taking this action. The Board agreed to await their decision.

**7.** The text of the paragraph was as follows:

The next question to be considered was the illegal registration of Malcolm Black by Mayor Miller prior to the primaries. On motion of Alderman Rayford Hodges moved that the Board go on record as against such actions and that the Town Attorney inform the District Attorney that they felt the matter should go to the Grand Jury for consideration. This motion was seconded by William J. Williams and unanimously approved by the members present. The Mayor Pro Tem declared the motion duly carried.

al, because, while admission of that paragraph by itself would be harmless, we conclude that in any event the insufficient action taken with regard to the defendant's objection to the jury's consideration of the offending paragraph—clearly inadmissible and greatly prejudicial—requires us to reverse the award of punitive damages and to remand for a new trial as to that issue.

Because of the size of the jury verdict for punitive damages, we are unable to say that the error was harmless. In our opinion, the error was sufficiently serious that we cannot say with conviction that it did not affect the jury, *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and that it did not defeat "substantial justice" or affect the "substantial rights of the parties," Fed.R.Civ.P. Rule 61, so as to be harmless with regard to the issue of punitive damages. See discussion in 11 Wright & Miller, §§ 2881–83, 2885 (1973).

*Conclusion*

Based on our finding that reversible error occurred in the admission of Exhibit P–6 without excision of prejudicially inadmissible evidence, we vacate the award of punitive damages, and we remand for a new trial on the issue of punitive damages. However, we affirm the action of the district court in directing a verdict for the plaintiff on § 1983 liability and the award of the jury of four thousand dollars for actual damages; the district court judgment is vacated, insofar as inconsistent with these determinations, and the case is remanded to the district court for further proceedings in accordance with law.

AFFIRMED IN PART, REVERSED IN PART, AND VACATED AND REMANDED FOR FURTHER PROCEEDINGS.