**William R. COLON, Plaintiff,**

v.

**John LOMELO, Jr., The City of Sunrise, Florida, Dominick D'Amato, and Gary Lanni, Defendants.**

**No. 83-6569-CIV-JAG.**

United States District Court,
S.D. Florida, N.D.

Nov. 28, 1983.

As Clarified Dec. 6, 1983.

665

Arthur M. Wolff, Fort Lauderdale, Fla., for plaintiff.

David R. MacKenzie, Lauderhill, Fla., Earl Faircloth, Arthur B. Parkhurst, Fort Lauderdale, Fla., Joseph A. Varon, Varon, Bogenschutz, Williams & Gulkin, Hollywood, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

## I.

THIS CAUSE has come before the Court upon the Defendants[1] Motion to Dismiss the Plaintiff's Complaint. The Defendants' motion challenges the jurisdiction of the Court to entertain the Plaintiff's case, and also avers that the Plaintiff has failed to state a claim upon which relief can be granted. The Court has considered the motion, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that the Motion to Dismiss the Plaintiff's Complaint be and the same is hereby GRANTED IN PART AND DENIED IN PART. Plaintiff's section 1983 claim is dismissed as against Defendant City of Sunrise; the section 1983 action against Messrs. Lomelo, D'Amato, and Lanni remains viable. Plaintiff's section 1985 claim is dismissed as against *all* Defendants in this cause.

## II.

This case is a product of a political dispute between the Plaintiff, William R. Colon, and one of the Defendants, John Lomelo, Jr.

For approximately two and one-half years, Mr. Lomelo, as Mayor of the City of Sunrise, and Mr. Colon, as a City Councilman of Sunrise, have been "embroiled" in numerous political disagreements. Complaint ¶ 8 (filed July 29, 1983). At no time was this dispute more acute than in the Spring of 1983, when Mr. Colon contested Mr. Lomelo's re-election as Mayor. Id. ¶ 9. Mr. Colon alleges that in an effort to retaliate for his having questioned the legality of the mayoral election, Mr. Lomelo set in motion a chain of events which ultimately cost Mr. Colon his regular job as a Claims Adjustor and Supervisor for Dixie Insurance Company. *Id.*

Specifically, the Plaintiff maintains that pursuant to the Mayor's instructions, Defendants Dominick D'Amato and Gary Lanni, both police officers of the City of Sun-

rise, visited Dixie Insurance Company[2] on three different occasions to inform its local manager that Mr. Colon was under official police investigation for the unauthorized use of the Company's postage meter for personal mail. Apparently, sometime after the last visit by the police officers, Dixie Insurance Company discharged Mr. Colon. The Plaintiff contends that his employer's decision to fire him was due to the allegedly conspiratorial actions of the Mayor, the police officers, and the City of Sunrise.

Mr. Colon now brings an action against all named Defendants charging them with violating his civil rights under sections 1983 and 1985 of Title 42 of the United States Code. The task before the Court is to decide whether the Plaintiff has availed himself of its jurisdiction and, in the alternative, whether the Plaintiff has stated a claim upon which relief can be granted.

## III.

Plaintiff claims that the Defendants conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1983. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As a federal court of limited jurisdiction, this Court has jurisdiction over the Plaintiff's cause of action if there exists an Act of Congress which confers jurisdiction over the § 1983 claim. *See Fadjo v. Coon*, 633 F.2d 1172 (5th Cir.1981). Such an enactment is found in 28 U.S.C. § 1343, which provides in pertinent part:

---

**1.** Defendants Lomelo, D'Amato, and Lanni filed the Motion to Dismiss. For reasons explained in the body of this Order, the charges against the Defendant City of Sunrise also are dismissed.

**2.** Dixie Insurance Company is located within the City of Lauderhill.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   .    .    .    .    .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

■ As the language of § 1983 indicates, and as the Supreme Court of the United States has expressly recognized, "the initial inquiry must focus on ... (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). After considering the Plaintiff's complaint and the relevant law, the Court concludes that Mr. Colon has satisfied the threshold requirement of establishing that all Defendants, except for the City of Sunrise, acted under "color of law."

■ The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *rev'd on other grounds, Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he nature of the act performed, not the clothing of the actor or even the status of [the party] ..., determines whether the officer has acted under

color of law." *Johnson v. Hackett,* 284 F.Supp. 933, 937 (E.D.Pa.1968).

■ Judging from the pleadings, it appears that the Defendants arguably used their government positions to pressure the Plaintiff's employer to discharge him. The Court reaches this result reluctantly, however, because the underlying dispute here is nothing more than a political feud masquerading as a legal claim. Still, the Defendants' motion to dismiss the § 1983 claim must be denied in part, because even disputes motivated by purely personal reasons are actionable under § 1983 provided the alleged misuse of power is made possible "because the [alleged] wrongdoer is clothed with the authority of state law ...." *Brown v. J.A. Miller,* 631 F.2d 408, 411 (5th Cir.1980)[3] (quoting *Monroe,* 365 U.S. at 184, 81 S.Ct. at 482).[4] Accordingly, the Court denies the motion to dismiss the § 1983 claim against Messrs. Lomelo, D'Amato, and Lanni.

The Plaintiff has also charged the City of Sunrise with conspiring to deprive him of his constitutional rights in violation of section 1983. This claim lacks merit.

■ In *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the Court held that "a municipality cannot be liable under § 1983 on a respondeat superior theory [and,] therefore, ... a local government may not be sued for an injury inflicted solely by its employees or agents." Mr. Colon's claim against the City is in irreconcilable conflict with the *Monell* decision. The Plaintiff is attempting to hold the City liable for the alleged wrongdoing of its agents, and yet there is no showing of a formal or informal City policy authorizing the allegedly wrongful actions of the Mayor and the police officers. Such a defect in

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to September 30, 1981.

**4.** The Court notes that the one decision which arguably lends support to the Defendants' posi-

tion (that personally-motivated actions taken by government officials cannot be clothed with the authority of state law), *Simmons v. Whitaker,* 252 F.2d 224 (5th Cir.1958), has been overruled by the Fifth Circuit in *Brown,* 631 F.2d at 411 n. 4.

pleading is fatal to the Plaintiff's claim. *See McLaughlin v. LaGrange,* 662 F.2d 1385, 1388 (11th Cir.1981), *reh. denied,* 668 F.2d 536 (11th Cir.), *cert. denied,* 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

### IV.

The Plaintiff also charges the Defendants with violating section 1985 of Title 42 of the United States Code. Although the complaint makes no mention of the specific provision of section 1985 under which the Plaintiff sues, it seems clear to the Court that subsection 3 is the relevant clause. Generally, section 1985(3) provides relief against persons who have conspired to deprive another of "the equal protection of the laws, or of equal privileges and immunities under the laws."

Courts have customarily demanded fairly specific allegations in section 1985(3) suits. Merely characterizing the Defendants' conduct as conspiratorial or unlawful without specifically pleading the elements of a section 1985(3) action will not suffice. *See Newbold v. United States Postal Service,* 614 F.2d 46 (5th Cir.), *reh. denied,* 616 F.2d 568 (5th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101, *reh. denied,* 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980); *Henzel v. Gerstein,* 608 F.2d 654 (5th Cir.1979).

In section 1985(3) actions, a plaintiff must plead and prove: (a) the existence of a conspiracy; (b) that the defendant(s) intended to deny the plaintiff of his equal protection of the laws, or of equal privileges and immunities under the laws; (c) injury or deprivation of a federally-protected right; (d) an overt act in furtherance of the object of the conspiracy; and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action. *See, e.g., Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Sims v. Jefferson Downs, Inc.,* 611 F.2d 609 (5th Cir.1980). The Plaintiff's section 1985(3) claim in the instant case fails for failure to satisfy the last pleading requirement.

Pleading requirement (e) requires that the Plaintiff allege facts demonstrating that the Defendants conspired against him because of his membership in a class and that the criteria defining the class were invidious. *See Hahn v. Sargent,* 523 F.2d 461 (1st Cir.), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1975). Generally, a person must possess some immutable characteristic to be a member of the class. *See Shirey v. Bensalem Township,* 501 F.Supp. 1138 (E.D.Pa.1980). Because the Plaintiff's complaint fails to show that there was a racial or otherwise class-based invidiously discriminatory animus behind the Defendants' actions, it must be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).