**Frank MORGAN, Plaintiff,**

v.

**Dennis WHITT and James Tice in their individual and official capacities, and the City of Lake Park, Defendants.**

**No. 85–8241–CIV.**

United States District Court,
S.D. Florida, N.D.

June 19, 1985.

James Green, West Palm Beach, Fla., for plaintiff.

Richard Gaunt, Jr. and John Romano, West Palm Beach, Fla., for defendants.

822

GONZALEZ, District Judge.

Plaintiff Frank Morgan, a writer for a local newspaper in Palm Beach County, has sued Dennis Whitt and James Tice, employees of the City of Lake Park, along with the City itself, for violating his First Amendment right to freedom of the press in contravention of 42 U.S.C. § 1983. Mr. Morgan's complaint alleges in pertinent part that defendants Whitt and Tice, acting under "color of state law," conducted a frivolous investigation of plaintiff during which they made slanderous statements and invaded his privacy. This conduct, avers plaintiff, directly caused him to "quit writing his newspaper column." Complaint ¶ 10 (filed Apr. 18, 1985).

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343 and the federal question present (i.e., 28 U.S.C. § 1331).

Defendants move for a more definite statement, to dismiss, or for a summary judgment.

■ Freedom of the press generally embraces a right to be free from censorship. Section 1983 prohibits affirmative acts of government or its agents which effectively prevent someone from exercising his First Amendment right. See Borreca v. Fasi, 369 F.Supp. 906 (D.Haw.1974); Antonelli v. Hammond, 308 F.Supp. 1329 (D.Mass.1970).

■ While plaintiff's newspaper column is thus a protected activity for purposes of section 1983, plaintiff fails to connect defendants' allegedly slanderous comments and intrusive behavior with his decision to leave the newspaper. One can, of course, speculate that defendants somehow brought to bear political pressure on the newspaper to discharge plaintiff, but that is not what appears in the complaint and in fact does not appear to be what this case is all about. Rather, this case appears to be "nothing more than a political feud mas-

querading as a legal claim." Colon v. Lomelo, 575 F.Supp. 664, 667 (S.D.Fla.1983) (Gonzalez, J.).

Colon v. Lomelo is instructive in this case. In Colon, plaintiff charged the City along with members of its City Council with violating, inter alia, section 1983 by informing plaintiff's private employer that plaintiff was under investigation by the police for illegal activities at work when he was not, thereby prompting the employer to terminate plaintiff's employment. Reluctantly, the court denied defendants' motion to dismiss that claim because plaintiff had linked defendants' actions taken under "color of law" with a specific consequence.[1]

Frank Morgan, unlike the plaintiff in Colon, has failed to connect the defendants' activities with his decision to abandon his newspaper column. Without that connexity, plaintiff's complaint is nothing more than a common-law action for slander and invasion of privacy, which the court has no authority to entertain absent an independent basis for federal jurisdiction.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the defendants' motions to dismiss the complaint be and the same is hereby GRANTED, and this case shall stand DISMISSED WITHOUT PREJUDICE as to defendants Dennis Whitt, James Tice, and the City of Lake Park.

1. The court originally dismissed plaintiff's section 1983 claim against the City. 575 F.Supp. 667–68. However, that decision was vacated in light of the Supreme Court's ruling in Brandon v. Holt, —— U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Colon v. Lomelo, Order dated June 5, 1985.