John H. PILLIS, III, Plaintiff,

v.

The JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY; Charles H. Guy; and Roger Hoyt, Defendants.

No. 93–1417–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 17, 1993.

Elihu H. Berman, Krug, Berman & Silverman, Clearwater, FL, for plaintiff.

Laurel J. Lenfestey, Holland & Knight, Tampa, FL, for defendants.

## ORDER OF REMAND

KOVACHEVICH, District Judge.

This cause came before the Court upon Defendants', GUY and HOYT, Motion to Dismiss Count I of Plaintiff's Complaint. However, this Court does not believe that this cause is properly brought in federal court and Remands it to state court.

## BACKGROUND

Plaintiff, JOHN H. PILLIS, III, originally filed suit in the Circuit Court of the Sixth Judicial Circuit, in Pinellas County. Plaintiff asserts the following claims, all of which are grounded in state law: breach of contract; intentional interference with advantageous business relationship; and for intentional infliction of emotional distress. Plaintiff included in Count I for breach of contract, allegations that Defendants' actions constitute a deprivation of rights under 42 U.S.C. § 1983, and an unlawful employment practice under Florida Statute 760.10(1)(a) (1991). Subsequently, Defendants filed, on August 27, 1993, their Notice of Removal of Action, thereby removing the action to this Court on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331. As the basis for jurisdiction, Defendants argued that Plaintiff's complaint presents questions arising under the laws of the United States, specifically, 42 U.S.C. § 1983. Specifically, Defendants stated that this is a civil action involving allegations of violation of Plaintiff's rights under 42 U.S.C. § 1983, breach of contract, intentional interference with advantageous business relationship, and intentional infliction of distress. Therefore, all causes of action alleged are state claims with only the allegations of violation of 42 U.S.C. § 1983 forming Defendants' basis for removal to this Court.

Following Defendants' removal of this action to federal court, Defendants, GUY and HOYT, on September 3, 1993, filed a Motion to Dismiss Count I of Plaintiff's complaint. Defendants' only basis for requesting dismissal of Count I is predicated upon state law, such that Defendants argue that under Florida law, in order to succeed on his claim for breach of contract against GUY and HOYT, PILLIS must prove his execution of a contract with GUY and HOYT, GUY and HOYT's breach of the contract, and damages suffered by PILLIS as a result of GUY and HOYT's breach. *Knowles v. C.I.T. Corp.,* 346 So.2d 1042 (Fla. 1st DCA 1977). This Motion to Dismiss is more properly before the Circuit Court in which this action was originally filed, as the only basis for any valid cause of action in Plaintiff's Complaint is under Florida state law. No valid cause of action exists under federal law as allegations of any violation of 42 U.S.C. § 1983 are inapplicable to this action as none of the Defendants are parties which may be liable under this section. Therefore, this Court does not properly have jurisdiction over this action and the remaining state claims, and the remand of this case to state court is proper.

## DISCUSSION

Title 28, United States Code § 1441(b) provides, in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (1993). The federal question removal statute closely parallels the language of 28 U.S.C. § 1331, pursuant to which district courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1993). Thus, removal of this action is proper only if the action "arises under" federal law.

■ "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The well-pleaded complaint rule requires a court to look solely at what "appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defense which it is thought the defendant may interpose." *Brown v. Connecticut General Life Ins. Co.,* 934 F.2d 1193

(11th Cir.1991) This rule is "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan,* 481 U.S. at 63, 107 S.Ct. at 1546.

■ Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Federal question only arises if the complaint substantially alleges a dispute or controversy regarding the validity, construction or effect of such a law. *Id.* at 111, 57 S.Ct. at 97. In addition, certain conditions must be satisfied for a federal question to arise. The federal law must be an essential element of the plaintiff's cause of action, the federal question must be disclosed on the face of the complaint, and the federal question may not be inferred from a defense asserted or one expected to be made. *Id.* at 110, 57 S.Ct. 96. Furthermore, the federal question raised must be a substantial one. *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

By alleging violation of 42 U.S.C. § 1983 on the face of Plaintiff's Complaint, and therefore alleging violations of rights under the Constitutions of the United States and the State of Florida, Plaintiff has satisfied two of the conditions required for establishing federal jurisdiction. However, in this case, the federal question raised is not a proper element of Plaintiff's cause of action.

■ Liability under [42 U.S.C. § 1983] does not apply to "every person." *Stift v. Lynch,* 267 F.2d 237 (7th Cir.1959). Rather, liability provided in this section may be asserted only against state officers or persons **acting under color of state law.** *Nation v. U.S. Government,* 512 F.Supp. 121 (S.D.Ohio, 1981). 42 U.S.C. § 1983 states:

> "Every person who, **under color of** any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Without requisite action under color of state law, federal courts lack jurisdiction to hear petitions for violation of civil rights pursuant to this section, and redress ... rests with state courts. *Lomax v. Davis,* 571 F.Supp. 805 (N.D.Miss.1983). Plaintiff's only federal claim in his Complaint is brought under 42 U.S.C. § 1983. Action taken "under color of state law" is an essential element of any suit brought under this statute and it is well settled that 42 U.S.C. § 1983 does not reach purely private conduct. *Dykes v. Weinberg,* 564 F.Supp. 536 (M.D.Fla.1983); *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Therefore, in any Section 1983 action, initial inquiry must focus on whether conduct complained of was committed by a person acting under color of state law and whether immunity is secured by the Constitution or laws of the United States. *Van Poyck v. Dugger,* 779 F.Supp. 571 (M.D.Fla.1991).

■ The "color of law" inquiry, for purposes of determining plaintiff's right to bring a civil rights action, centers on whether the defendant affiliated with state government or political subdivision has used his position to deprive another of his Constitutional rights. *Colon v. Lomelo,* 575 F.Supp. 664 (S.D.Fla. 1983). Rather, a defendant in a Section 1983 suit acts under color of state law when he abuses his position given to him by the state. *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). As stated by this Court, a civil rights plaintiff must establish both the deprivation of a right secured by the United States Constitution or federal laws and action by the defendant under color of state law. *Motes v. Myers,* 810 F.2d 1055 (11th Cir.1987).

■ The Defendants named in Plaintiff's Complaint, THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, CHARLES H. GUY, AND ROGER HOYT, are private individuals and a private corporation. There are no allegations in Plaintiff's Complaint that any of these Defendants are state officers or are in any manner acting

under the color of state law, nor are there allegations which would cloak any of the Defendants in the cover of state action. As stated, a valid claim under this section requires a showing of state action and a claim for violation of this section proscribing deprivation of rights under color of state law is not stated, in absence of allegations of any action under color of state law.

As this action does not "arise under" federal law and Plaintiff's Complaint does not raise any valid issues of federal law, no substantial federal question is raised so as to give this Court jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b) or 28 U.S.C. § 1331. Therefore, the prudent course for this Court is to remand this action to state court.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that this action be and the same is hereby **REMANDED** to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida for all further proceedings. It is further **ORDERED AND ADJUDGED** that all pending motions are **DENIED** without prejudice.

**DONE AND ORDERED.**