Pat Shelby TODD, Jr.

v.

**CITY OF NATCHITOCHES, LOUISI-ANA, Natchitoches Parish Sheriff Victor Jones, Lamar McGaskey, Donald Brice, Jr., Roy Lee, Alicia Brown Todd, and Ashley Brown**

No. CIV.A. 01–1032.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 29, 2002.

H. Clay Little, Walker Tooke, et al., Shreveport, LA, for plaintiff.

Ronald E. Corkern, Jr., Corkern & Crews, Natchitoches, LA, for City of Natchitoches, Donald Brice, Jr., Roy Lee, defendants.

L. Fred Schroeder, Usry Weeks & Matthews, New Orleans, LA, for Victor Jones, Lamar McGaskey, defendants.

Jimmy R. Faircloth, Jr., Faircloth & Davidson, Alexandria, LA, Kathryn Wyble, Ieyoub & Wyble, Baton Rouge, LA, for Alicia Brown Todd, defendant.

Bonita K. Preuett-Armour, Alexandria, LA, for Ashley Brown, defendant.

### RULING

LITTLE, District Judge.

Before the court are the defendants' motions for summary judgment [Doc. Nos. 39,

42, 45, and 48] filed under Rule 56 of the Federal Rules of Civil Procedure. For the reasons explained below, these four motions for summary judgment are GRANTED.

## I. BACKGROUND

This litigation arises out of the dissolution of the marriage of plaintiff Pat Shelby Todd, Jr. ("Todd") and the defendant Alicia Brown Todd ("Mrs.Todd"). After Mrs. Todd filed for divorce in June of 2000, the 18th Judicial District Court, Parish of Iberville, issued a Rule to Show Cause why a protective order should not issue. As part of its ruling, the court granted Mrs. Todd permission to use and possess fifty items of community property designated on a separate list. These items were all located in the home the Todds previously had shared. The court's order also required law enforcement officers to accompany Mrs. Todd "to insure the protection and safety of the parties" when she returned to her former home to gather the specified items. Mrs. Todd went to her former home on 5 June 2000 to collect her belongings. She was accompanied by Officer Donald Brice, Jr. ("Brice"), Officer Roy Lee ("Lee"), and Officer Lamar McGaskey ("McGaskey"). Mrs. Todd also brought her sister, the defendant Ashley Brown ("Brown"), to the house as well as several other individuals who were to help with the removal of the items.[1]

Despite the court order, the list of designated items, and the presence of three law enforcement officers, the removal process was anything but orderly. In addition to collecting the listed items, Mrs. Todd and Brown videotaped the items being removed. Mrs. Todd has explained she brought the video camera with her to tape the removal process so there would be a record of everything that happened that day. Todd, however, contends the purpose of the video camera was to record information relevant to the impending divorce proceedings. He also claims Mrs. Todd and Brown videotaped items that were unrelated to the items listed on the order, in particular, messages on the answering machine and the caller ID unit on the telephone, personal and professional documents on his desk, and articles of clothing in his closet and dresser drawers. According to Todd, there was a message from his attorney on the answering machine, and Brown and Mrs. Todd surreptitiously recorded this message.

Todd's complaint, brought pursuant to 42 U.S.C. § 1983, alleges he has suffered severe emotional distress as a result of Mrs. Todd's court-sanctioned plunder of their marital home. Todd alleges that the presence of Brice, Lee, and McGaskey amounted to an illegal search and seizure in violation of the Fourth Amendment of the United States Constitution and Article I, § 5 of the Louisiana Constitution. Todd is also suing the City of Natchitoches ("City") and Sheriff Victor Jones ("Jones," who is McGaskey's supervisor) on a theory of *respondeat superior*. Todd's complaint alleges Mrs. Todd and Brown were private co-conspirators with the police officers and thus are subject to Section 1983 liability for violating his constitutional rights. He seeks costs and attorney's fees under 42 U.S.C. § 1988. In addition, Todd's complaint alleges a state law claim of invasion of privacy against all of the named defendants and seeks damages under Louisiana Civil Code, article 2315.[2]

---

**1.** The items on the list included furniture, kitchen utensils and equipment, and Mrs. Todd's and her children's clothing.

**2.** The plaintiff's complaint alleges a violation of "LSA–R.S. 2315," which the court construes as a reference to article 2315 of the

## II. STANDARD OF REVIEW

■ Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. In making this determination, a court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505. Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's case," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Fed. R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory denials, improbable inferences, and legalistic argumentation are not an adequate substitute for specific facts showing that there is a genuine issue for trial. *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993).

## III. ANALYSIS

The court has jurisdiction over the plaintiff's complaint pursuant to 28 U.S.C. § 1331. Todd's state law claims are properly before this court under its supplemental jurisdiction. 28 U.S.C. § 1367(a); *see Smith v. Amedisys, Inc.*, 298 F.3d 434, 446–447 (5th Cir.2002)(affirming the court's ability to retain jurisdiction over state law claims after granting summary judgment on all federal law claims).

### A. City of Natchitoches and Officers Brice and Lee

■ The plaintiff's complaint alleges the actions of Officers Brice and Lee on 5 June 2000 violated the plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana constitution and amounted to an invasion of the plaintiff's privacy under Louisiana state law. The complaint also alleges that the City is liable for the acts and omissions of its employees, Brice and Lee.

■ To succeed in a claim brought under 42 U.S.C. § 1983, a plaintiff must show "that the defendant deprived him of a right secured by the Constitution or federal law and that the deprivation occurred under color of state law." *Brown v. Miller*, 631 F.2d 408, 410 (5th Cir.1980) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). Plaintiff has failed to show he was deprived of any federal right by Brice and Lee's actions.

The language of the Fourth Amendment preserves the long-held belief in the privacy of the home: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." U.S. CONST. amend. IV; *see Wilson v. Layne*, 526 U.S. 603, 610, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). This respect for the privacy of the home embodied in the Fourth Amendment has been incorporated into the Louisiana Constitution. Article I, § 5 of the Louisiana Constitution states, "Every person shall be secure in his per-

Louisiana Civil Code (Liability for acts causing damages).

son, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." Like the Fourth Amendment, this provision prohibits unreasonable search and seizures. *State v. Gagnon,* 01–1302 (La.App. 5 Cir. 4/10/02), *5, 817 So.2d 167; *see also* *State v. Graham,* 01–1232 (La.App. 5 Cir. 5/29/02), *8, 820 So.2d 1101.

Officers Brice and Lee were not present in the Todd residence to conduct a search, a seizure, or any other action governed by the Fourth Amendment or Article I, § 5. Brice and Lee were present in the Todd residence in compliance with an order of the 18th Judicial District Court. Such an order is authorized by Louisiana Revised Statute § 9:373(A), which authorizes a court to grant an order requiring a law enforcement officer to be present when a spouse in a divorce proceeding returns to the family residence to collect personal property.[3] The validity of the court order has not been challenged. Neither Brice nor Lee searched the home, and neither of them seized any of the items on the list. In addition, neither officers videotaped any of the actions of Mrs. Todd and her assistants on 5 June 2000. The two officers were present to observe the proceedings and to ensure that Mrs. Todd was able to retrieve her belongings in as peaceful a manner as possible. The actions of the officers did not violate the Fourth Amendment or Article I, § 5.

■ Todd also alleges Brice improperly threatened him with arrest in violation of 42 U.S.C. § 1983. The threat was made when Todd attempted to stop Brown from examining and recording numbers on a telephone caller ID unit. The caller ID unit was part of a telephone and answering machine system which appeared on the list of items approved for Mrs. Todd's removal. According to his deposition, Todd reached out to take the caller ID unit away from Brown. Brice ordered Todd to stop, informing him that he would be arrested if he refused to leave Brown and the caller ID unit alone. Todd evidently complied with Brice's instructions. No other threats of arrest were made by Brice or any of the other officers. Plaintiff argues in his memorandum opposing summary judgment that Brice, by becoming involved in this exchange between Todd and Brown, enabled Mrs. Todd to exceed the scope of the court order and furthered the invasion of Todd's privacy.

By becoming involved in the caller ID incident, Brice simply was doing his job. Brice and the other police officers were in the Todd residence to ensure that the removal of items on the court-sanctioned list was accomplished as peacefully as possible.[4] When a potential confrontation erupted, Brice stopped it. His action in no way exceeded the scope of the court order,

---

**3.** LA. REV. STAT. ANN. § 9:373(A) states in full: "In a proceeding for divorce, a court may grant an ex parte order requiring the sheriff or appropriate law enforcement officer to accompany a spouse to the family residence or another location designated by the court so that personal property specified in the order may be obtained by that spouse."

**4.** Plaintiff asserts that Officers Lee and McGaskey stood by Brice when he threatened to arrest Todd and that their standing by Brice "is evidence that they collaborated in the threat to arrest the plaintiff." Plaintiff's

counsel then cites several cases imposing liability upon law enforcement officers who failed to intervene when fellow officers used excessive force upon individuals in custodial settings. These cases describing Eighth Amendment violations have little, if anything, to do with Lee's and McGaskey's observing Brice threaten to arrest Todd. Plaintiff's counsel makes no effort to explain how or why these cases might govern the plaintiff's claim. The court does not appreciate this citation to cases that are irrelevant to the current proceedings.

nor did it contribute to an invasion of Todd's privacy.

 Plaintiff's memorandum opposing summary judgment argues that Brice's "threat to arrest the plaintiff when he objected to the invasion of his privacy is evidence of state action." There can be no doubt that a police officer's conduct in the course of duty constitutes state action. The question, rather, is whether that state action violated the plaintiff's rights. To trigger Section 1983 liability, state action must involve the misuse of power by state authorities. *Brown,* 631 F.2d at 411. The state action here was not improperly exercised, and there was no violation Todd's rights under the Fourth Amendment.

 There can be no liability imposed upon the City under a *respondeat superior* theory for the actions of Brice and Lee. As a preliminary matter, Brice and Lee did nothing to trigger Section 1983 liability. In addition, respondeat superior liability does not apply to Section 1983 claims. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may be sued under Section 1983 only when the municipality's official policy or custom deprives the plaintiff of a constitutional right. *Id.* at 690–91, 98 S.Ct. 2018; *see also Grandstaff v. City of Borger,* 767 F.2d 161, 169 (5th Cir.1985) (explaining "There must be 1) a policy 2) of the city's policy maker 3) that caused 4) the plaintiff to be subjected to a deprivation of constitutional right."). Plaintiff does not assert the City had a policy or custom that resulted in a constitutional

deprivation. Rather, plaintiff maintains that the City's acceptance of the officers' conduct is evidence of a policy or disposition that can be attributed to the City. Considering that the officers did nothing that could be construed as violating Todd's rights, the City had every reason to accept the officers' actions.[5] Plaintiff mistakenly relies upon the Fifth Circuit's decision in *Grandstaff,* in which the court found the existence of a policy from "the subsequent acceptance of dangerous recklessness" by the policy maker. *See Grandstaff,* 767 F.2d at 171. Acceptance of a police officer's "dangerous recklessness" implicates constitutional concerns; acceptance of officers' accompanying a spouse to her former residence to collect her belongings does not.

 Brice, Lee, and the City have raised the defense of qualified immunity. Qualified immunity extends to government officials performing discretionary functions; government officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). For the defense of qualified immunity to apply, an official's conduct must not have violated a clearly established constitutional right, and the official must not have known that his conduct under the circumstances violated the plaintiff's rights. *Creamer v. Porter,* 754 F.2d 1311, 1317 (5th Cir.1985). The absence of a constitutional violation obviates the need to

---

5. Plaintiff obtained a letter of apology signed by Sheriff Boyd Durr as evidence that the City and its police department knew the events at the Todd residence were improperly handled. In his deposition, Todd admitted he prepared the letter of apology and asked Durr to sign it shortly after the incident in the Todd residence. In an affidavit, Durr stated "In an effort to satisfy Mr. Todd and hopefully avoid the expense and time associated with possible litigation, I signed a letter he had previously prepared ...." Durr stated further in the affidavit that after more thoroughly reviewing the events of that day, he believed the officers had acted appropriately.

determine whether qualified immunity applies to the defendants. The court notes, however, that in light of the court order and governing Louisiana statute, there was no reason for the officers to believe their conduct could have violated Todd's rights.

 Finally, Todd brings a state law claim alleging that his privacy was invaded by Brice and Lee. The tort of invasion of privacy "requires a finding of an unreasonable intrusion into [one's] solitude or private affairs." *Samour v. Louisiana Casino Cruises, Inc.,* 2001–0831 (La. App. 1 Cir. 2/27/02), *5, 818 So.2d 171. When determining if an unreasonable intrusion has occurred, a court must balance the plaintiff's privacy interest with the "defendant's interest in pursuing his course of conduct." *Melder v. Sears, Roebuck & Co.,* 98–0939 (La.App. 4 Cir. 3/31/99), *13, 731 So.2d 991. The defendant's conduct will be considered reasonable and nonactionable, even though it may slightly invade the plaintiff's privacy, if the action is properly authorized or justified by the circumstances. *Parish Nat'l Bank v. Lane,* 397 So.2d 1282, 1286 (La.1981). Certainly, the presence of law enforcement officers in Todd's home involved some invasion of his privacy. Todd's privacy interest, however, does not outweigh the officers' interest in performing their statutorily- and court-mandated duties. The officers' presence in the Todd home was properly authorized and, therefore, reasonable and nonactionable.

Even if the validity of the court order was suspect, the circumstances of Mrs. Todd's foray into her former home justified the officers' conduct. The Todds were embarking upon a less than amicable marital dissolution. In the opinion of the state court, Brice and Lee's presence was necessary to ensure that the order was complied with and that the tensions between the estranged couple did not escalate into a violent confrontation. It is regrettable that public officials should have to become enmeshed in the private matters of a married couple, but as the record in this case indicates, such intervention was necessary. Brice and Lee did not invade Todd's privacy and are not liable for damages under article 2315. Because no invasion of privacy occurred, no liability may be attributed to the City.

 The City, Brice, and Lee have moved for attorney's fees pursuant to Rule 11, asserting the plaintiff's claim is frivolous. Rule 11, as interpreted by the Fifth Circuit, "applies only to the signing of pleadings, motions, or other papers." *Hogue v. Royse City,* 939 F.2d 1249, 1256 (5th Cir.1991). The rule requires a "reasonable inquiry" as to whether the documents a party files with the court are "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Id.* (citing Fed.R.Civ.P. 11(b)(2)). In addition, a suit may not be filed for the purpose of harassing the defendants. *Coats v. Pierre,* 890 F.2d 728, 734 (5th Cir.1989). A defendant in a Section 1983 action may recover attorney's fees if the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

Throughout his memorandum in opposition, plaintiff offers little support for the Section 1983 claim he brings against the City, Brice, and Lee. The plaintiff offers no case law to support a violation of his Fourth Amendment rights, and the case law that is cited is frequently irrelevant or misconstrued. *See supra* note 4. In addition, there is evidence in the record to suggest Todd misrepresented the events of 5 June 2000, and that reasonable inquiry by counsel would have revealed these misrepresentations. *See supra* note 5.

The City, Brice, and Lee are awarded attorney's fees for the cost of defending the Section 1983 claim alleging a violation of the plaintiff's federal constitutional rights. The defendants are not awarded attorney's fees for the cost of defending the plaintiff's state law claims. Although the plaintiff's claims on these bases have failed, the court cannot say that the state law claims were so meritless as to be sanctionable. Such a determination would constitute an unwarranted intrusion by this court upon Louisiana state law.

The motion for summary judgment submitted by the City of Natchitoches, Officer Brice, and Officer Lee is granted.

### B. Jones and McGaskey

Todd's allegations against Jones and McGaskey are identical to his claims against Brice, Lee, and the City. The complaint states McGaskey violated Todd's rights under the Fourth Amendment and Article I, § 5 and that the officer's conduct constituted an invasion of privacy. The complaint seeks to hold Sheriff Jones liable for the acts and omissions of his employee, McGaskey. The court's conclusion is identical to the one reached on the claims against Brice, Lee, and the City.

McGaskey, like Brice and Lee, accompanied Mrs. Todd to the Todd residence on 5 June 2000 pursuant to a court order. He did not participate in a search of the home, nor did he seize anything in it. He did not threaten to arrest Todd, and, as previously discussed, his standing by Brice when the arrest threat was made does not arise to a constitutional violation. McGaskey's actions in no way violated Todd's rights under the Fourth Amendment or Article I, § 5.

Having found no constitutional violation was committed by McGaskey, the court finds Jones bears no liability for his officer's acts or omissions. Furthermore, there is no evidence of a policy or custom instituted or approved by Jones that resulted in the deprivation of Todd's constitutional rights. Jones's subsequent acceptance of McGaskey's conduct at the Todd residence was appropriate and cannot be construed to suggest a policy that condones or ignores unconstitutional actions by law enforcement officers.

McGaskey and Jones raise the defense of qualified immunity. Because no constitutional violation occurred, it is unnecessary to discuss this defense. The court notes, however, that McGaskey was acting pursuant to a valid court order granted pursuant to established state law. There was no reason for these two defendants to believe that McGaskey's conduct could have violated Todd's constitutional rights.

McGaskey's actions, likewise, did not amount to an invasion of Todd's privacy under Louisiana state law. Although the presence of the law enforcement officer did interfere with Todd's privacy, this interference was not unreasonable, and it was necessary for McGaskey to carry out the court order. McGaskey's action was properly authorized and cannot result in liability for him or for Jones.

The motions for summary judgment submitted by Jones and McGaskey are granted.

### C. Mrs. Todd and Brown

The plaintiff claims the search of the Todd residence and the seizure of the fifty items involved a conspiracy between Mrs. Todd, Brown, and the law enforcement officers to violate Todd's constitutional rights, thus triggering Section 1983 liability. First, Mrs. Todd and Brown are private individuals. The Fourth Amendment to the U.S. Constitution does not apply to private individuals; thus, it is " 'wholly inapplicable to a search

or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official.'" *U.S. v. Runyan*, 275 F.3d 449, 457 (5th Cir.2001) (citing *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)). Mrs. Todd and Brown, as private individuals, cannot be liable under Section 1983.

A private individual may be liable under Section 1983 if he "is engaged in a conspiracy or willfully engages in joint activity with one or more parties acting under color of state law." *Bayou Fleet, Inc. v. Alexander*, 68 F.Supp.2d 734, 745 (E.D.La.1999). To establish a conspiracy under Section 1983, the plaintiff must show the defendants had a "'unity of purpose, common design, and understanding, or meeting of the minds in an unlawful arrangement'" to violate the plaintiff's constitutional rights. *Id.* (citing *Hale v. Townley*, 19 F.3d 1068, 1075 (5th Cir. 1994)). Todd has offered nothing to support the existence of a conspiracy between the private and state actors, other than the fact that they appeared together at the Todd residence on 5 June 2000. It is not enough for the plaintiff to "'allege that the [private and state] defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves towards an unconstitutional action by virtue of a mutual understanding.'" *Id.* (citation omitted). The reason for the law enforcement officers' accompanying Mrs. Todd and Brown is obvious from the state court order, and there is no sufficient basis to suggest the existence of a conspiracy.

Finally, Todd's complaint includes a claim for invasion of privacy against Mrs. Todd and Brown. As discussed above, the tort of invasion of privacy "requires a finding of an unreasonable

intrusion into [one's] solitude or private affairs." *Samour*, 818 So.2d at 175. An unreasonable intrusion occurs only if the plaintiff's privacy interest outweighs the defendant's interest in taking the complained of action. *Melder*, 731 So.2d at 1000. Action that is properly authorized or justified by the circumstances is not actionable. *Parish Nat'l Bank*, 397 So.2d at 1286.

The record indicates that at the time of the incident, the Todd residence and its contents were community property. Although Mrs. Todd had elected recently to leave the home, she maintained an interest in the house, her belongings, and the belongings of her three children. *See* La. Civ. Code art. 2336. It cannot be said that her presence in her home invaded the plaintiff's privacy. Likewise, Mrs. Todd's videotaping of the proceedings in her home that day did not unreasonably intrude upon the plaintiff's privacy. Even if the videotaping was motivated by a less than innocent purpose, the course of this litigation reveals her actions were justified by the circumstances.

Brown was present in the Todd residence with Mrs. Todd's permission. Her presence and her assistance with the videotaping were approved by one of the home owners and did not amount to an invasion of the plaintiff's privacy.

The motions for summary judgment submitted by Mrs. Todd and Brown are granted.

## IV. CONCLUSION

Defendants Lee's, Brice's, and the City of Natchitoches's motion for summary judgment is GRANTED. Defendants McGaskey's and Jones's motion for summary judgment is GRANTED. Defendant Alicia Brown Todd's motion for summary judgment is GRANTED. Defendant Ash-

ley Brown's motion for summary judgment is GRANTED.